NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHAEL R., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, M.R., *Appellees.*

No. 1 CA-JV 15-0354
FILED 5-5-2016

Appeal from the Superior Court in Maricopa County
No. JD20488
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

John Popilek, P.C., Scottsdale
By John Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Michael F. Valenzuela
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

¶1            Michael R. (Father) appeals the superior court's order terminating his parental rights to M.R., arguing the order is based on an improper conclusive legal presumption that severance is mandated if a child is born during a parent's incarceration. Because Father has shown no error, the order is affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2            In September 2014, Father was sentenced to four years in prison, with 219 days of presentence incarceration credit, after pleading guilty to two felony offenses. One week later, M.R. was born and tested positive for illegal substances.

¶3            The Department of Child Safety (DCS) took M.R. into custody and filed a dependency petition days after his birth. M.R. was placed with a maternal relative. After Father's paternity was established, M.R. was found dependent as to both Mother and Father in February 2015. Mother's parental rights were later terminated and she is not party to this appeal.

¶4            In May 2015, over Father's objection, the superior court changed the case plan to severance and adoption. DCS' motion for termination alleged Father's felony prison sentence was "of such length that the child will be deprived of a normal home for a period of years." Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(4) (2016).[2]

¶5            At a severance adjudication in October 2015, the DCS case manager and Father testified. The trial evidence showed Father was serving

---

[1] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2 (App. 2008).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

a four-year prison sentence, had not participated in any programs or sent anything to M.R., and that given M.R.'s young age, it would be detrimental for him to be deprived of a permanent home for a period of years. The case manager testified that M.R.'s maternal-family placement could give M.R. the stable permanent home that he needs. Father testified that he had never met M.R., given M.R.'s medical issues that precluded visitation while Father was in custody, that he could not afford envelopes and stamps to send M.R. letters and that he was still waiting to enroll in classes in prison. Father testified that he would be released sometime between February and July 2017 and wants to parent M.R.

¶6            After considering the evidence and argument, the superior court found DCS met its burden of proof and granted the motion to terminate. This court has jurisdiction over Father's timely appeal pursuant to A.R.S. §§ 8-235, 12-120.21(A)(1) and 12-2101(A)(1) and Arizona Rules of Procedure for the Juvenile Court 103-04.

## DISCUSSION

¶7            As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8–533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.,* 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.,* 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights so long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.,* 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted).

¶8            Father argues the superior court created a conclusive legal presumption that termination is required when a child is born during a father's incarceration. The record does not support that argument.

¶9            By statute, DCS was required to prove Father was "deprived of civil liberties due to the conviction of a felony" and Father's sentence "is of such length that the child will be deprived of a normal home for a period of years." A.R.S. § 8-533(B)(4). When considering a motion to terminate based on length of felony sentence, the superior court

> should consider all relevant factors, including, but not limited to: (1) the length and strength of any parent-child relationship existing when

incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue. After considering those and other relevant factors, the trial court can determine whether the sentence is of such a length as to deprive a child of a normal home for a period of years.

*Michael J.*, 196 Ariz. at 251-52 ¶ 29. Here, the court expressly enumerated, applied and weighed these factors based on the evidence presented and, after doing so, granted termination.

**¶10**        In asserting the court created a conclusive legal presumption of termination if a child is born while a parent is incarcerated, Father points to the following two sentences in the superior court's order:

The early years of a child's life are critical to the child's emotional and psychological development. The absence of a parent without another person serving in a permanency role has been shown to be potentially catastrophic to a child's development.

This quoted language was not the beginning or the end of the court's analysis.[3] Instead, this language is a portion of a paragraph considering one

---

[3] Father claims no expert evidence supports this quoted language, while DCS states it was not supported by the record. Father made no such objection before the superior court and the DCS case manager testified that, given M.R.'s age, it would be detrimental to remain in care, because M.R. "needs permanency. And in order for him to have permanency, we have to offer him a stable home." This testimony arguably supports the quoted language and Father has not shown the court erred in considering this evidence in applying *Michael J. See Denise R. v. Ariz. Dep't of Econ. Sec.*, 221

of the six *Michael J.* factors, namely "the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home." 196 Ariz. at 252 ¶ 29.

¶11        Along with analyzing the *Michael J.* factors, the superior court addressed other relevant factors. The court properly considered the facts of this case in context and made a ruling supported by the record. *See id.* at 251 ¶ 29 ("[T]he better approach is to consider each case on its particular facts."). Accordingly, Father has not shown the court created a conclusive legal presumption that termination is required when M.R. was born during Father's incarceration. [4]

**CONCLUSION**

¶12        The order terminating Father's parental rights to M.R. is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED : ama

---

Ariz. 92, 94 ¶ 4 (App. 2009) (noting this court will affirm "if any reasonable construction of the evidence justifies the decision") (citations omitted).

[4] Although not challenged by Father on appeal, the superior court also properly found termination was in the best interests of M.R. *See Kent K.,* 210 Ariz. at 288 ¶ 41. Consistent with the evidence presented at the hearing, the court found that all of M.R.'s needs are being met in his potentially adoptive placement and that M.R. is adoptable.